JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary M. Ducey-Hardos,<br><br>    Plaintiff,<br><br>vs.<br><br>LOS ANGELES WORLD AIRPORTS;<br>And DOES 1 through 10, Inclusive,<br><br>    Defendant,<br>_____ | Case No. SA CV12-1720-BRO (MLGx)<br><br>**JUDGMENT IN FAVOR OF DEFENDANT CITY OF LOS ANGELES, DEPARTMENT OF AIRPORTS**<br><br>**HON. BEVERLY REID O'CONNELL**<br><br>Court Order : June 2, 2014<br>Time : In Chambers<br>Courtroom : 14<br>    Spring St. Federal Building<br>    312 N. Spring St.<br>    Los Angeles, CA 90012<br><br>Trial Date : April 10, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

    On April 10, 2014 at 8:30 am, a jury was selected by the parties and trial commenced in the above-referenced matter of *Mary M. Ducey-Hardos v. Los Angeles World Airports* on Plaintiff's claims of disability discrimination and retaliation under Section 504 of the Rehabilitation Act of 1973 (Dkt. No. 1).

    After a four-day jury trial, on April 16, 2014, the jury returned a unanimous verdict in favor of Defendant City of Los Angeles, Department of Airports, erroneously sued herein as Los Angeles World Airports (LAWA), wherein the jury specifically determined that Plaintiff's disability was not the sole cause or a

motivating factor in any of the adverse actions Plaintiff complained about, including the delay in her payment under her second consulting agreement and a decision not to seek to renew her consulting contract for a third year. (Dkt. No. 124).

On April 16, 2014, after the Jury returned its verdict on Plaintiff's discrimination claim, the parties were provided an opportunity to brief the issue of whether her retaliation or any other equitable claim survived the jury's verdict. On June 2, 2014, having considered all of the evidence and testimony at trial, the Jury's Special Verdict Form, and the parties' briefs and legal arguments submitted on the issue of retaliation, the Court found that Plaintiff's retaliation claim survived the jury's verdict, but her retaliation claim should be dismissed for failure to meet her burden of proof and judgment should be entered in favor of Defendant, as discussed more fully in the Court's June 2, 2014 Minute Order, which is incorporated herein by reference. (Dkt. No. 161).

IT IS HEREBY ORDRED, ADJUDGED AND DECREED that Plaintiff has failed to meet her burden of proof by a preponderance of the evidence on her surviving retaliation claim under the Rehabilitation Act. Accordingly, Defendant is entitled to judgment.

IT IS FURTHER ORDRED, ADJUDGED AND DECREED that Plaintiff, Mary M. Ducey-Hardos, also known as Peggy Ducey, shall take nothing by way of her Complaint and that Judgment is hereby ordered to be entered in favor of the Defendant City of Los Angeles, Department of Airports;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant City of Los Angeles, Department of Airports shall recover costs of suit, according to proof.

Dated: June 10, 2014

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge